IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DeANDRE Green,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12-3158-RDR |
| **(fnu) McKEEN, et.al.** | ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM AND ORDER

This is an action under 42 U.S.C. § 1983 alleging that plaintiff was the victim of excessive force while he was an inmate at the State of Kansas El Dorado Correctional Facility at El Dorado, Kansas. The original complaint lists four state correctional officers at the facility (McKeen, Johnson, Rueda and Mansfield) as defendants, sued in their individual and "representative" capacities. This case is before the court upon a motion to dismiss claims brought against the defendants in their "official" capacities, which is apparently the same as "representative" capacities. Also before the court is plaintiff's motion to amend the complaint.

Defendants contend that the Eleventh Amendment bars any action for damages against defendants in their official capacities. "An official-capacity suit is, in all respects other than name, to be treated as a suit against the [state] . . . it is not a suit against the official personally, for the real party in interest is the [state]." Kentucky v. Graham, 473 U.S. 159, 166 (1985). The Eleventh Amendment immunizes states against damages suits brought by citizens of any state without consent by the state being sued or Congressional authorization. See Elephant Butte Irr. Dist. v. Department of Interior, 160 F.3d 602, 607 (10th Cir. 1998); Bafford v. Nelson, 241

F.Supp.2d 1192, 1198 (D.Kan. 2002).  The Eleventh Amendment also applies to when a plaintiff seeks declaratory or injunctive relief against a state.  <u>Steadfast Ins. Co. v. Agricultural Ins. Co.</u>, 507 F.3d 1250, 1252 (10th Cir. 2007).  In this matter, plaintiff appears to concede that he may not bring a damages claim against defendants in their official capacities.

Plaintiff in response to the motion to dismiss has filed a motion to amend the complaint which deletes references to suing defendants in their "representative" capacities, but adds language seeking "declaratory and injunctive relief against the Defendants in their official capacities."  Doc. No. 15-1, p. 6.  Counsel for defendants in their official capacities opposes the motion to amend the complaint upon the grounds that plaintiff does not specify the kind of declaratory and injunctive relief he is requesting and because plaintiff fails to allege any facts that would support a claim for declaratory and injunctive relief.

The court shall deny the motion to amend on the grounds of futility.  A proposed amendment to a complaint may be denied on the grounds of futility if the claims added by the proposed amendment would be subject to dismissal for any reason.  See <u>Watson ex rel. Watson v. Beckel</u>, 242 F.3d 1237, 1239-40 (10th Cir. 2001).  Here, the proposed amended complaint presents no facts which would support a plausible claim for declaratory or injunctive relief.  "A 'plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future.'"  <u>Barney v. Pulsipher</u>, 143 F.3d 1299, 1306 n.3 (10th Cir. 1998)(quoting, <u>Facio v. Jones</u>, 929 F.2d 541, 544 (10th Cir. 1991)); see also, <u>Ysais v. New Mexico</u>, 373 Fed.Appx. 863, 866 (10th Cir.) <u>cert. denied</u>, 131 S.Ct. 88 (2010)("declaratory judgment is meant to define the rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act").  No facts are set forth in the proposed amended complaint which demonstrate a good chance of plaintiff being

injured by defendants in the future.  Therefore, plaintiff's motion to amend the complaint to add unspecified claims for declaratory and injunctive relief against defendants in their official capacities shall be denied.

In conclusion, defendants' motion to dismiss plaintiff's official capacity claims (Doc. No. 6) shall be granted.  Plaintiff's motion to amend (Doc. No. 15) shall be denied.

**IT IS SO ORDERED.**

Dated this 29th day of November at Topeka, Kansas.


s/Richard D. Rogers
United States District Judge