IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DeANDRE GREEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12-3158-RDR ) |
| ASHLEY McKEEN, *et al.* | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. § 1983 alleging excessive force in violation of the Eighth Amendment during an incident which occurred on July 21, 2010. Plaintiff is a former inmate who is bringing this claim against defendants Ashley McKeen, Effrain Rueda, Patrick Mansfield and Tracy Johnson. The defendants worked at the El Dorado Correctional Facility in El Dorado, Kansas while plaintiff was incarcerated there. This case is before the court upon defendants' motions to dismiss for failure to state a claim pursuant to FED.R.CIV.P. 12(b)(6). Doc. Nos. 27 & 35.

I. MOTION TO DISMISS STANDARDS

In ruling upon such a motion to dismiss, the court assumes as true all well-pleaded factual allegations in the complaint and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint must contain sufficient factual matter to

state a claim which is plausible - - and not merely conceivable - - on its face. Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court need not accept as true those allegations which state only legal conclusions. Id. Plaintiff must make allegations which show more than a sheer possibility that defendants have acted unlawfully - - it is not enough to plead facts that are "merely consistent with defendants' liability." Id.

II. THIS CASE IS TIMELY FILED BECAUSE FED.R.CIV.P. 3 CONTROLS THE TIME THE ACTION COMMENCED.

Defendants' first argument for dismissal (and the only argument for dismissal made by defendants Rueda and Johnson) is that plaintiff's claims are barred by the statute of limitations. While this argument depends upon some facts not pleaded in the complaint, there appears to be no dispute as to those facts or objection to considering them here.

There is a two-year statute of limitations period for § 1983 claims filed in Kansas. Estate of B.I.C. v. Gillen, 2013 WL 1111922 *7 (10th Cir. 3/19/2013). This limitations period is borrowed from state law – K.S.A. 60-513(a)(4). Id. Plaintiff filed this action on July 20, 2012 which is within two years of the date of the alleged events in the complaint. Plaintiff,

2

however, did not serve defendants McKeen, Rueda and Mansfield until November 15, 2012 and did not serve defendant Johnson until January 2, 2013. If FED.R.CIV.P. 3 applies to this case, then the action is timely because Rule 3 provides that "[a] civil action is commenced by filing a complaint with the court." Defendants contend, however, that the court must borrow the provisions of K.S.A. 60-203 in addition to the state statute of limitations period. K.S.A. 60-203(a)(1) provides that an action is commenced upon the date of filing unless service is not made within 90 days of the filing date or 120 days if the court grants an extension of time to make service upon a showing of good cause. If service is not made within the 90-day or 120-day period, then an action is deemed commenced on the date of service of process. In this case, plaintiff did not make service upon defendants until after the 90-day period had expired.

Defendants' position has been rejected by this court and others. Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009); Sain v. City of Bend, 309 F.3d 1134, 1138 (9th Cir. 2002); McIntosh v. Antonino, 71 F.3d 29, 36 (1st Cir. 1995); Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735 (4th Cir. 1991); Martin v. Demma, 831 F.2d 69, 71 (5th Cir. 1987); Lee v. Brown Group Retail, Inc., 2003 WL 22466187 *2-3 (D.Kan. 10/6/2003);

Smith v. Douglas Cable Communications, 1993 WL 455249 *3 (D.Kan. 10/15/1993). These cases apply the general language in West v. Conrail, 481 U.S. 35, 39 (1987) where the Court stated:

> when the underlying cause of action is based on federal law and the absence of an express federal statute of limitations makes it necessary to borrow a limitations period from another statute, the action is not barred if it has been "commenced" in compliance with Rule 3 [of the Federal Rules of Civil Procedure] within the borrowed period.

While West involved borrowing a limitations period from another federal statute, the court believes the same rule should apply when borrowing a limitations period from a state statute. The contrary approach advocated by defendants is the rule in diversity actions. Walker v. Armco Steel Corp, 446 U.S. 740 (1980). But, in West, the Court made clear that the Walker rule "does not apply to federal-question cases." 481 U.S. at 39 n.4.

On the basis of this authority, the court rejects defendants' statute of limitations argument.

III. PLAINTIFF HAS STATED A PLAUSIBLE CLAIM FOR RELIEF AGAINST DEFENDANT MANSFIELD BUT NOT DEFENDANT MCKEEN.

Defendants McKeen and Mansfield argue that they should be dismissed from this case because plaintiff's allegations do not describe a plausible claim that they personally participated in the alleged Eighth Amendment violation and because they are entitled to qualified immunity from liability on the basis of plaintiff's allegations.

4

Plaintiff's complaint alleges broadly that "defendants" used excessive force against plaintiff in violation of the Eighth Amendment. The Eighth Amendment prohibits cruel and unusual punishment which encompasses punishments that involve the "unnecessary and wanton infliction of pain" and are incompatible with "the evolving standards of decency that mark the progress of a maturing society." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976)(interior quotation omitted). Courts examining Eighth Amendment excessive force claims determine whether "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992).

Plaintiff's complaint specifically asserts that defendant McKeen filed a grievance against plaintiff which falsely accused plaintiff of making a statement made by another inmate. According to the complaint, the false accusation is admitted or revealed in a disciplinary report filed by defendant McKeen. The complaint states that defendant McKeen made the false grievance "in order to violate Plaintiff's 8th Amendment rights." Doc. No. 1, p.4. The complaint further asserts that defendants Johnson and Rueda handcuffed and escorted plaintiff to defendant Mansfield's office and that defendant Mansfield shouted at plaintiff about comments made to defendant McKeen. The complaint proceeds to state:

> Plaintiff remembers his head being used as a battering ram to open the door to exit Defendant Mansfield's office. Plaintiff was already restrained. They were taking Plaintiff to the hole to be segregated, while in route to the hole his head was used to open the set of double doors that were in the gym leading outside. Thereafter, Plaintiff was taken outdoors, but suddenly he heard Defendant Mansfield yell through Defendants Johnson or Rueda's radio to "turn Green around."

Doc. No. 1, pp. 4-5. According to the complaint, defendants Johnson and Rueda then took plaintiff to a "blind spot" not viewed by surveillance cameras where they knocked plaintiff to the ground and punched and kicked him. Later, defendants Johnson and Rueda moved plaintiff to a nurse's station and then to a segregation cell. The complaint alleges that defendants Johnson and Rueda continued to use excessive force against plaintiff during these movements. Finally, the complaint asserts that defendants McKeen and Mansfield were involved in a relationship.

Plaintiff must allege facts which produce a plausible claim of an "affirmative link" between each defendant's actions and the alleged constitutional deprivation. See Keith v. Koerner, 707 F.3d 1185, 1188 (10th Cir. 2013). The "affirmative link" requires: 1) personal involvement; 2) sufficient causal connection; and 3) culpable state of mind. Id. Personal involvement may include failing to intervene to prevent a fellow officer from using excessive force. See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008). Personal involvement may

also be found in the case of supervisors who are linked to a constitutional violation either through their exercise of control or direction, or through a failure to supervise. Id.

Plaintiff does not allege facts describing a plausible claim that defendant McKeen was personally involved in the alleged use of excessive force against plaintiff. The complaint only asserts that McKeen made a false accusation in a grievance against plaintiff and that she and defendant Mansfield had a relationship. Therefore, defendant McKeen has raised a valid argument in favor of dismissal. See Porro v. Barnes, 624 F.3d 1322, 1327 (10th Cir. 2010)(granting dismissal where allegations that defendant knew of plan to taser plaintiff and assented to it were too speculative).

While it is a close question, the court shall deny the motion to dismiss plaintiff's claims against defendant Mansfield. The complaint alleges that defendant Mansfield was present while defendants Rueda and Johnson used plaintiff's head "as a battering ram" to open the doors of Mansfield's office and that defendants Rueda and Johnson were moving plaintiff at defendant Mansfield's direction – directions apparently given in his office and over the radio. Thus, in contrast to Iqbal, the allegations of personal involvement are more than a broad claim that defendant Mansfield was an "architect" of a policy or "instrumental" in executing a policy. We find that the

7

complaint contains sufficient, nonconclusory allegations of personal involvement to permit the claims against defendant Mansfield to continue.

Finally, the court shall reject defendant Mansfield's argument that he is entitled to be dismissed upon the grounds of qualified immunity. The facts alleged in the complaint state a plausible claim that defendant Mansfield directed conduct which violated the Eighth Amendment or failed to intervene when he was aware that such conduct was taking place. Eventually, the facts may prove otherwise or at least establish that defendant Mansfield's conduct was not clearly unconstitutional. But, on the basis of the complaint before the court, the court finds a plausible claim that defendant's Mansfield's alleged conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

IV. CONCLUSION

In conclusion, the court shall deny defendant Johnson's motion to dismiss. Doc. No. 35. The motion to dismiss filed by the remaining defendants (Doc. No. 27) shall be granted as to defendant McKeen, but denied as to defendants Mansfield and Rueda.

**IT IS SO ORDERED.**

Dated this 29th day of March, 2013 at Topeka, Kansas.

          *s/Richard D. Rogers*
          United States District Judge