## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DeANDRE GREEN, | |
| **Plaintiff,** | |
| v. | Case No. 12-cv-03158-DDC |
| TRACY JOHNSON and EFFRAIN RUEDA, | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Plaintiff DeAndre Green brings this civil rights action under 42 U.S.C. § 1983.  He alleges that defendants Tracy Johnson and Effrain Rueda used excessive force and, by so doing, violated his rights under the Eighth Amendment to the United States Constitution.  Plaintiff was an inmate at the El Dorado Correctional Facility in Butler County, Kansas, when events leading to this lawsuit occurred.  Defendants worked at the facility.  Plaintiff has designated Kansas City, Kansas as the place for trial (Doc. 120).  This matter comes before the Court on defendants' Motion to Determine Place of Trial and Memorandum in Support (Doc. 121).  Defendants argue that Wichita, Kansas is the appropriate place for trial.  After reviewing the defendants' arguments, the Court grants defendants' motion and designates Wichita as the place for trial for the reasons set forth below.[1]

---

[1] Plaintiff's counsel has conferred with defendants' counsel and informed the Court that plaintiff does not oppose defendants' request for Wichita as the place of trial.  Under D. Kan. Rule 7.4(b), a party "who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum" unless there is a showing of excusable neglect.  This rule also provides "[i]f a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion.  Ordinarily, the court will grant the motion without further notice."  D. Kan. Rule 7.4(b).  Here, because plaintiff informed the Court that the motion is unopposed and no timely response is needed or filed, the Court

## I.    Legal Standard

Under D. Kan. Rule 40.2(e), the Court is not bound by a party's designated place of trial and may determine the place of trial upon motion or in its discretion.  In determining the proper place of trial, the Court "generally look[s] to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a)."  *Lopez-Aguirre v. Bd. of Cty. Comm'rs of Shawnee Cty., Kan.*, No. 12-2752-JWL, 2014 WL 853748, at *1 (D. Kan. Mar. 5, 2014).  These factors are:  (1) plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious, and economical.  *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *1 (D. Kan. Dec. 2, 2014) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)). The moving party bears the burden to establish the existing forum's inconvenience.  *Id.* (citations omitted).

## II.    Analysis

### A.  Plaintiff's Choice of Forum

"Unless [the § 1404(a)] factors weigh strongly in the defendant's favor, the 'plaintiff's choice of forum should rarely be disturbed.'"  *Tiffany v. City of Topeka*, No. 09-2232-CM, 2009 WL 1683515, at *1 (D. Kan. June 16, 2009) (citations omitted).  However, this factor is "largely inapplicable" if a plaintiff's choice of forum is not his place of residence.  *Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *1 (D. Kan. May 12, 2009); *cf. Benson v. Hawker Beechcraft Corp.*, No. 07-2171-JWL, 2007 WL 1834010, at *2 (D. Kan. June 26, 2007) (stating that "the rationale for allowing the plaintiff to dictate the forum evaporates" when the plaintiff

---

considers the motion as uncontested under D. Kan. Rule 7.4(b).  Although the Court could grant the motion without further discussion, it also addresses the merits of the motion below.

lives outside his choice of forum); *but see Tiffany*, 2009 WL 1683515, at *1 (stating that "the factor weighs only slightly in favor of plaintiff" in such a situation).  In addition, "courts have given little weight to a plaintiff's choice of forum 'where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum.'"  *McDermed*, 2014 WL 6819407, at *2 (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)).

Here, plaintiff resides in Wichita, not Kansas City.  Doc. 1 at 1.  Also, the facts leading to the lawsuit occurred in El Dorado, Kansas, not Kansas City.  *Id.* at 3–5.  Thus, plaintiff's choice of forum is "largely inapplicable" and the Court gives this factor little weight.

### B.  Convenience of Witnesses and Accessibility of Evidence

"[T]he relative convenience of the forum is a primary, if not the most important, factor to consider in deciding a motion to transfer."  *Menefee*, 2009 WL 1313236, at *2.  Plaintiff's proposed forum must be "substantially inconvenient" to warrant a change in forum.  *Id.*  A proposed forum is substantially inconvenient if all or practically all the witnesses reside in a different forum and traveling to the proposed forum is a substantial burden.  *Id.* (holding that there was an "enormous disparity in convenience between Kansas City and Wichita" because all witnesses would have to travel 200 miles from Wichita to Kansas City); *Lopez-Aguirre*, 2014 WL 853748, at *2 (granting motion to designate Topeka as the place of trial rather than Kansas City because the "great majority of witnesses" were located in Shawnee County and holding it in Kansas City would "cause much more disruption" to these witnesses); *Benson*, 2007 WL 1834010, at *3 (granting motion to designate Wichita as place of trial instead of Kansas City because "several of the witnesses, parties, and attorneys" resided in Wichita while "none reside[d] in Kansas City," and "witnesses would incur additional costs and would be forced to miss work" if the trial was in Kansas City); *Jones v. Wichita State Univ.*, No. 06-2131-KHV-

GLR, 2007 WL 1173053, at *1–2 (D. Kan. Apr. 19, 2007) (granting motion to determine Wichita as place of trial rather than Kansas City because "most, if not all, of the witnesses, parties, and attorneys reside[d] in Wichita" and would have "to travel three hours each way to testify," possibly "spend[ing] the night in Kansas City if their testimony does not begin or is not completed at the close of the day").

Here, a great majority of the witnesses are located in Wichita or El Dorado, and the allegedly wrongful acts took place in El Dorado.  Plaintiff's Rule 26(a)(1) Disclosures name 17 witnesses.  Eight of them are located in Wichita, and six are located in El Dorado.  Doc. 121-1 at 1–2.  El Dorado is about 170 miles from Kansas City, and about 30 miles from Wichita.  Wichita is about 200 miles from Kansas City.  No address was provided for witness Kevin Myles.  *Id.* One witness, Tracy Johnson, resides in Augusta, Kansas, about 24 miles outside of Wichita. Doc. 121-1 at 2.  Another witness, KDOC Medical and Health Providers, has a P.O. Box in Lansing, Kansas.  *Id.*  This is the only address provided that is closer to Kansas City than Wichita.  Thus, at least 15 of plaintiff's 17 witnesses reside much closer to the Wichita courthouse than the Kansas City courthouse.

Likewise, defendants' Rule 26(a)(1) Disclosures name 21 witnesses, and the great majority of them are located in Wichita or El Dorado.  Nineteen of defendants' witnesses are located in El Dorado.  Doc. 121-1 at 6–8.  The remaining two witnesses, plaintiff and Tracy Johnson, reside in Wichita and Augusta, respectively, and also were named in plaintiff's disclosures.  Doc. 121-1 at 6.  In this case then, a great majority of the witnesses reside in or near Wichita.  Traveling from Wichita or El Dorado to Kansas City would impose a burden that, when considered in the context of the necessity for imposing that burden, is substantial.  A significant distance exists between the cities and it likely would cause each witness to miss an

4

entire work day to testify.  When compared with the factors that favor Kansas City, this is a significant and needless burden.  Thus, this factor suggests that Kansas City is a "substantially inconvenient" place for trial.

### C.  Fair Trial

There is no evidence that plaintiff could not receive a fair trial in Wichita.  Thus, this factor is a neutral one.

### D.  Other Factors

The Court also may consider various other factors when determining the place of trial. For instance, in *Hughes v. Blue Cross and Blue Shield of Kan., Inc.*, the court considered the "costs in the form of mileage, meals, and hotel expenses" incurred by holding trial in plaintiff's proposed forum.  No. 12-2339 JTM, 2012 WL 3644845, at *4 (D. Kan. Aug. 24, 2012).  The Court also may consider the cost of forcing medical practitioners to travel for trial testimony at the expense of time lost treating patients.  *See Spires v. Hosp. Corp. of Am.*, No. 06-2137-JWL, 2006 WL 1642701, at *3 (D. Kan. June 8, 2006), *rev'd on other grounds*, 289 F. App'x 269 (10th Cir. 2008).  In addition, the Court may consider the potential for delay in calling witnesses. *See Jones*, 2007 WL 1173053, at *2.  In contrast, the convenience of counsel "is given little if any weight."  *Id.* (citations omitted).  After all, counsel chose to get involved in the case; the witnesses made no such choice.

Here, various other factors weigh in favor of holding the trial in Wichita.  Because Kansas City is 170 to 200 miles from most witnesses, they will incur higher travel costs if the trial is held in Kansas City.  Plaintiff's treating medical professionals are located in Wichita and the distance likely will prevent them from treating patients on the day they testify if they are called to Kansas City.  Doc. 121-1 at 2.  Plaintiff also named the nurse/therapist at the El Dorado Correctional Facility as a potential witness.  Doc. 121-1 at 1.  She too will not be able to treat

patients if called as a witness to Kansas City.  Holding the trial in Wichita serves to minimize any potential delays in calling witnesses because the witnesses will not have as far to travel. And, the person in charge of staffing at the El Dorado Correctional Facility states that "it would be less disruptive to the operations of the [El Dorado Correctional Facility] if the trial were held in Wichita" because "officers who finish their testimony prior to the end of their shifts [could] return to work and help maintain staffing levels."  Doc. 121-2 (Tim Smith Aff. ¶¶ 1, 4).  Last, the Court gives little weight to the fact that plaintiff's counsel is located in Kansas City.  These other factors favor Wichita as the place for trial.

III.    **Conclusion**

For the reasons explained above, the Court concludes that Kansas City is a substantially inconvenient forum and Wichita is the most appropriate place to try this case.  The Court thus grants defendants' motion to designate Wichita, Kansas as the place for trial.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Determine Place of Trial and Memorandum in Support (Doc. 121) is granted, and this case is designated for trial in Wichita, Kansas.

**IT IS SO ORDERED.**

**Dated this 27th day of October, 2015, at Topeka, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
